Michael R.E. Sanders, Pro Hac Vice
sanders@alawfirm.com
SANDERS YEOMANS PLLC
P.O. Box 2006
Bothell, WA 98041-2006
Phone: 425-488-9807
Fax: 425-491-4888

Gerald Maltz, SBN 4908 gmaltz@hmpmlaw.com
HARALSON, MILLER, PITT, FELDMAN & McANALLY, P.L.C.
Attorneys at Law
One South Church Avenue, Suite 900
Tucson, Arizona 85701-1620
520-792-3836

Attorneys for Defendant TUCSAN, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| CHASE W. DRAKE,<br><br>    Plaintiff,<br><br>  vs.<br><br>TUCSAN, INC.,<br><br>    Defendant. | No.: CV09-00392-DCB-TUC<br><br>**MOTION TO DISMISS/STRIKE** |

Defendant moves to dismiss the Complaint pursuant to FRCP 12(b)(6), for failure to state a claim upon which relief may be granted.  Alternatively, Defendant moves to strike portions of the prayer for relief pursuant to FRCP 12(f), (1), and 8.

DATED: September 25, 2009

                                                  SANDERS YEOMANS PLLC

                                                     -and-

                                                  HARALSON, MILLER, PITT, FELDMAN & McANALLY, P.L.C.

                                                 By:  */s/ Michael R.E. Sanders*
                                                      Michael R.E. Sanders

                                               By:  */s/ Gerald Maltz*
                                                      Gerald Maltz

MEMORANDUM OF POINTS AND AUTHORITIES

I. PRELIMINARY STATEMENT

This case arises out of the part-time employment of plaintiff ("Drake") while he was serving in the uniformed services as an active duty member of the United States Air Force ("USAF"). He moonlighted at Tens Nightclub, owned by defendant ("Tens Nightclub"), from March 1, 2008 as a doorman, until June 15, 2008, when the USAF changed his active duty assignment and transferred (deployed) him to Qatar for 179 days. At no relevant time was Drake a member of the National Guard or Reserves, nor discharged or released from active duty in the uniform services. In his Complaint, Drake alleges that Tens Nightclub had a legal duty to reemploy him under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§4301-4333 ("USERRA"), while he remained on active duty in the USAF vis-à-vis the moonlighting job.

The Complaint includes one cause of action: Discrimination under 38 U.S.C. §§4301 *et seq*. However, no matter how liberally construed, the factual allegations in the Complaint do not support Drake's right under USERRA to reemployment to a moonlighting job he accepted after he began service in the uniformed services, quit because he was transferred to Qatar, and asked to be reemployed while remaining on full-time active duty in the USAF. Moreover, USERRA does not allow for punitive damages or other compensation not specifically provided under USERRA. For these reasons, plaintiff's Complaint should be dismissed or its prayer for punitive damages or other compensation not specifically allowed by USERRA should be stricken from the Complaint.

II. SUMMARY OF THE ALLEGATIONS OF THE COMPLAINT

Assuming the allegations of the Complaint were true for purposes of this motion only:

1. Drake was employed by Tens Nightclub as a doorman at Tens Nightclub part-time from on or about March 1, 2008 to on or about June 30, 2008. Complaint, ¶¶ 8, 11.

2. Drake was and is a military police office serving in the USAF. ¶ 9. On or about June 15, 2008, Drake's commanding officer informed Drake that he would be deployed in Qatar for 179 days to support Operation Enduring Freedom, and after receiving his orders to deploy to Qatar, Drake alleges that he verbally informed his supervisor at Tens Nightclub of this deployment and

showed his supervisor a copy of his deployment orders. ¶¶ 12, 13. Subsequently, Drake was deployed to Qatar and returned on or about February 4, 2009. ¶ 14.

3. Less than 14 days from returning from his deployment, Drake alleges that he sought reemployment at Tens Nightclub, and completed a job application. ¶ 15. He alleges than Tens Nightclub refused to reemploy him upon completion of a job application. ¶¶ 16, 17. Drake alleges that Tens Nightclub continued to refuse to rehire him. ¶ 18. On April 16, 2009, he sent Tens Nightclub a certified letter once again setting out his alleged reemployment rights and requesting reemployment. ¶ 20.

Based on these alleged facts, Drake asserts one claim for relief: for discrimination under USERRA. Complaint, ¶¶ 21 – 25. Drake alleges that USERRA affords returning services members the right to reemployment and benefits if the service member gave advance written or verbal notice of such service to the employer and reports, or submits an application for, reemployment within 14 days after completing services, in this case deployment. ¶ 22. He demands damages including without limitation loss of past and future earnings and seeks liquidated damages pursuant to USERRA. ¶ 25, re-employment, punitive damages, costs of suit, attorneys' fees, expert witness fees, and other expenses pursuant to 38 U.S.C. § 4323(b), and other relief..

### III.  ARGUMENT

#### A.  The Right to Reemployment Under USERRA Does Not Apply to Moonlighting Jobs While Still Serving in the Uniformed Services.

The purpose of USERRA is, among other things, "to encourage <u>noncareer</u> service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service." USERRA § 4301(a)(1). USERRA's legislative history makes clear that Congress intended to continue the maxim established by the Supreme Court in *Fishgold v. Sullivan Drydock & Repair Corp.*, 328 U.S. 275, 285, 66 S. Ct. 1105, 90 L. Ed. 1230, 18 L.R.R.M. (BNA) 2075, 11 Lab. Cas. (CCH) ¶ 51232, 167 A.L.R. 110 (1946), that USERRA "is to be liberally construed for the benefit of those who left private life to serve their country in its hours of great need." (Emphasis not in original.) See S. Rep. No. 103-158, at 40 (1993), available at 1993 WL 432576 (Leg. Hist.); H.R. Rep. No. 103-65, pt. 1 at 19 (1993), as reprinted in 1994 U.S.C.C.A.N.

2449, 2452. (Mr. Drake did not leave private life to serve our country when he quit his moonlighting job at Ten's Nightclub; when he enlisted in the USAF before moonlighting at Tens Nightclub was when he left private life to serve our country – it is implausible for Drake to leave private life when he was already serving in the uniformed services at the time he was deployed to Qatar.)

The gravamen of the Complaint hinges on the meaning of "service in the uniformed services." Plaintiff argues that "deployment" of an active duty member of the USAF constitutes "service in the uniformed services"; however, "service in the uniformed services" is a defined term in USERRA: the term "service in the uniformed services" means the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, a period for which a person is absent from a position of employment for the purpose of an examination to determine the fitness of the person to perform any such duty, and a period for which a person is absent from employment for the purpose of performing funeral honors duty as authorized by section 12503 of title 10 or section 115 of title 32. USERRA § 4303(13). The term "uniformed services" means the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, the commissioned corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency. USERRA § 4303(16). After Drake enlisted in the USAF, he was in the service in the informed services on active duty.

In general, under military law, the term "active duty" means "full-time duty in the active military service of the United States. Such term includes full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned. Such term does not include full-time National Guard duty." 10 U.S.C. § 101(d)(1). Here, Drake was in the USAF serving on active duty before he began moonlighting at Tens Nightclub; therefore, it was and is an impossibility for Drake to have left his employment at Tens Nightclub to perform service in a uniformed service. He is still on active duty, or, engaged in "service in the uniformed services"; he has not been discharged or released from his service in the uniformed services. When he was "deployed" to Qatar,

this did not constitute the beginning of his service in the uniformed services. To date, he has not been released or discharged from his service in the uniformed services. Drake did not leave his moonlighting employment at Tens Nightclub to "perform service in a uniformed service," and, therefore, he is not entitled as a matter of law to reemployment by Tens Nightclub under USERRA § 4312, even though while on active duty he was assigned temporarily to a USAF base in Qatar (deployment).

"Deployment" is the next step for a member of the uniformed services after mobilization. *Http://www.military.com/benefits/resources/deployment/mobilization-and-deployment.* "Mobilization is the act of assembling Reserve forces for active duty in times of war or national emergency." *Id.* "Deployment is the assignment of military personnel to temporary, unaccompanied tours of duty." *Id.* A right to reemployment under USERRA has nothing to do with deployment of active duty military members serving in the uniformed services who had to quit a moonlighting job, and while still on active duty seek reemployment in such moonlighting job. The focus of USERRA is on securing rights to <u>returning veterans</u>. *See, e.g., Petty v. Metropolitan Government of Nashville-Davidson County*, 538 F.3d 431, 441, 184 L.R.R.M. (BNA) 2961, 91 Empl. Prac. Dec. (CCH) ¶ 43294, 156 Lab. Cas. (CCH) ¶ 11082 (6th Cir. 2008), petition for cert. filed (U.S. Jan. 28, 2009) (The central dispute in this case was whether the defendant violated USERRA in its treatment of the plaintiff, a former police officer who left the department when his reserve unit was mobilized for active duty with the United States Army, was deployed for service in Operation Iraqi Freedom, and who sought reemployment with the department after completion of his military service.)

USERRA performs four key functions: (1) it guarantees returning veterans a right to reemployment after military service (38 U.S.C. § 4312); (2) it prescribes the position to which such veterans are entitled upon their return (38 U.S.C. § 4313); (3) it prevents employers from discriminating against returning veterans on account of their military service (38 U.S.C. § 4311); and, (4) it prevents employers from firing without cause any returning veterans within one year or less of reemployment depending on the amount of time served on active duty (38 U.S.C. § 4316). *Id.*

Under these facts, USERRA does not provide for Mr. Drake's reemployment as a moonlighting active duty airman, a job he held between the time he enlisted and before his discharge.

See, e.g., Regulations Under the Uniformed Services Employment and Reemployment Rights Act of 1994 (20 C.F.R. Part 1002) ("USERRA Regulations"):

> § 1002.73. Does service in the uniformed services have to be an employee's sole reason for leaving an employment position in order to have USERRA reemployment rights?
>
> No. If absence from a position of employment is necessitated by service in the uniformed services, and the employee otherwise meets the Act's eligibility requirements, he or she has reemployment rights under USERRA, even if the employee uses the absence for other purposes as well. An employee is not required to leave the employment position for the sole purpose of performing service in the uniformed services. <u>For example, if the employee is required to report to an out of State location for military training and he or she spends off-duty time during that assignment moonlighting as a security guard or visiting relatives who live in that State, the employee will not lose reemployment rights simply because he or she used some of the time away from the job to do something other than attend the military training.</u> Also, if an employee receives advance notification of a mobilization order, and leaves his or her employment position in order to prepare for duty, but the mobilization is cancelled, the employee will not lose any reemployment rights.

(Emphasis added.) This is the only reference in the USERRA Regulations mentioning a moonlighting job. In this example, the employee left his civilian job to serve in the uniformed services, and while serving active duty he moonlighted as a security guard. He did not lose his right to reemployment at the civilian job he left to serve in the uniformed services (even though he moonlighted in the interim); the right to reemployment under USERRA § 4312 does not apply to his moonlighting job (since he

was working at it while already serving in the uniformed services, and had not been discharged or released honorably from such service in the uniformed services).

Consistent with the foregoing example, the Regulations state in pertinent part: "Upon completing service in the uniformed services, the employee must notify the <u>pre-service employer</u> of his or her intent to return to the employment position . . .." USERRA Regulations § 1002.115. Mr. Drake has not yet completed his service in the uniformed services, even though he has returned home from Qatar, he remains in the service of the uniformed services (on active duty), and Ten's Nightclub is not Mr. Drake's "pre-service employer." In other words, upon completion of Mr. Drake's service in the USAF (that is, his discharge or release from active duty), not upon completion of some assignment given to him by the USAF while serving in the USAF on active duty (that is, his transfer to another base for a short period of time (deployment)), Mr. Drake must notify his pre-USAF employer that he is ready to return to his pre-service civilian job if he wishes reemployment after he has been discharged or released from active duty. Based on the facts alleged in the Complaint, Drake fails to state a claim against Tens Nightclub upon which relief may be granted.

> B. <u>Plaintiff Fails To State A Claim Under USERRA § 4312 For Not Being Reemployed Based On Discrimination Under USERRA § 4311</u>.

USERRA § 4311 prohibits discrimination against anyone serving, or who has served in the uniformed services. However, "USERRA § 4311's protection against discrimination and retaliation should not be confused with the right to reemployment under § 4312 of USERRA." Kathryn Piscitelli & Edward Still, <u>The USERRA Manual: Uniformed Services Employment & Reemployment Rights</u>, 132 (2009 ed., West). Sections 4311 and 4312 are separate and distinct. *Coffman v Chugach Support Services, Inc*., 411 F.3d 1231, 1234, 177 L.R.R.M. (BNA) 2449, 86 Empl. Prac. Dec. (CCH) ¶ 41978, 151 Lab. Cas. (CCH) ¶ 10494 (11th Cir. 2005) ("Sections 4311 and 4312 of the USERRA provide separate and distinct statutory protections for service members."); *Francis v. Booz, Allen & Hamilton, Inc*., 452 F.3d 299, 304, 179 L.R.R.M. (BNA) 3094, 88 Empl. Prac. Dec. (CCH) ¶ 42422, 152 Lab. Cas. (CCH) ¶ 10682 (4th Cir. 2006) (Sections 4311 and 4312 are "functionally discrete"); *Wrigglesworth v. Brumbaugh*, 121 F. Supp. 2d 1126, 1134-35, 166 L.R.R.M. (BNA) 2560 (W.D. Mich. 2000) (Sections 4311 and 4312 are separate and distinct

statutory protections); *Jordan v. Air Products and Chemicals, Inc.*, 225 F. Supp. 2d 1206, 1208, 170 L.R.R.M. (BNA) 3153, 83 Empl. Prac. Dec. (CCH) ¶ 41247 (C.D. Cal. 2002), aff'd 2005 WL 434483 (9th Cir. 2005) (adopting *Wrigglesworth*'s reasoning that Sections 4311 and 4312 are independent).

However, the right to reemployment does not depend on discrimination. "Section 4312 neither contains nor implies a proof of discrimination requirement." *Wrigglesworth*, 121 F. Supp. 2d at 1135. The allegations in the Complaint are irrelevant to Drake's claim that Tens Nightclub discriminated against him in order for him to be eligible for reemployment after he is discharged or released from the USAF. USERRA Reg. § 1002.33 ("The employee is not required to prove that the employer discriminated against him or her because of the employee's uniformed service in order to be eligible for reemployment.")

Employers must reinstate employees upon their return from up to five years of leave for service in the uniformed services (such as active duty), only if the employee:

- notifies the employer that the leave from his civilian job was for service in the uniformed services;
- spends no more than five years total on such leave (with a few exceptions);
- is released from military service under honorable conditions; and,
- reports back to work within specified time limits.

USERRA Regulations § 1002.32 (the criteria an employee must meet to be eligible under USERRA for reemployment after service in the uniformed services). Stated another way, to have reemployment rights following a period of service in the uniformed services, all of the following five eligibility criteria must be met:

- You must have held a civilian job
- You must have informed your employer that you were leaving the job for service in the uniformed services
- The period of service must not have exceeded five years
- You must have been released from service under honorable conditions

- You must report back to your civilian employer in a timely manner or submit a timely application for reemployment. Remember, by law your employer cannot treat you as if you were applying for a new job.

Christopher P. Michel & Terry Howell, <u>The Military Advantage: The Military.com Guide to Military and Veterans Benefits</u> 156 (2009 ed.). "If you're on active duty less than 31 days, you must return to work immediately upon your return. If you're on active duty between 31 and 180 days, you must apply for reemployment within 14 days after release from service. If you're on active duty for more than 180 days, you have up to 90 days after release from service to apply for reemployment." *Id.* at 157.

  Mr. Drake still serves in the USAF on active duty and has neither been discharged nor released from such service, even though his deployment to Qatar has ended and he has a new assignment in the USAF; consequently, USERRA § 4312 (the right to reemployment at a moonlighting job he held after he had enlisted in the USAF) does not apply to his situation. Section 4312 entitles a returning service member to reemployment rights and benefits under USERRA after release or discharge from active duty. "Under proposed section 4312(e), the time limits for reapplying for reemployment would depend strictly on the length or duration of the military service <u>from which the service person is being discharged or released</u>." House Committee Report, April 28, 1993 (H.R. Rep. No. 103-65, Pt1), 1994 U.S.C.C.A.N. 2449, 1993 WL 235763 (Leg. Hist.). Drake has neither been discharged from service in the USAF nor discharged from such active duty in the USAF, and therefore based on the facts alleged in the Complaint is not entitled as a matter of law to be reemployed to his intra-service moonlighting job at Tens Nightclub.

  Drake's uniformed service entails his active duty in the USAF and does not refer to his specific USAF job assignment or deployment at any given time. He is entitled to reemployment in the job he held before he enlisted in the USAF after he is honorably discharged or released, subject to the conditions stated above. Because Drake is still on active duty in the USAF, he is still in the service of the uniformed services, and therefore is not entitled as a matter of law to reemployment at his former moonlighting job at Tens Nightclub.

### C. The Complaint Does Not Contain Sufficient Factual Matter, Accepted As True, to State a Claim for Discrimination or Reemployment that Is Plausible on Its Face.

With respect to discrimination, a refusal to reemploy Drake must be motivated by one or more of the following:

(1) Membership or application for membership in a uniformed service;

(2) Performance of service, application for service, or obligation for service in a uniformed service;

(3) Action taken to enforce a protection afforded any person under USERRA;

(4) Testimony or statement made in or in connection with a USERRA proceeding;

(5) Assistance or participation in a USERRA investigation; or,

(6) Exercise of a right provided by USERRA.

USERRA Regulations § 1002.23. Nowhere in the Complaint does plaintiff allege the elements of a claim of discrimination under USERRA. To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, No. 07-1015 (U.S. 5/18/2009), 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,570, 127 S. Ct. 1955 (2007).

The complaint titles its cause of action "Discrimination Under 38 U.S.C. § 4301 *et. seq.*," but it seeks reemployment. As discussed above, USERRA § 4311 applies to claims of discrimination, and § 4312 applies to claims of reemployment. Plaintiff fails to provide any factual bases for alleged discrimination in Tens Nightclub allegedly refusing to reemploy Drake while he remains on active duty in the service of the uniformed services (that is, in the USAF); he seeks only reemployment. The complaint fails to state a plausible claim for relief: it alleges no factual bases for claims of discrimination for not reemploying Drake, and it alleges no factual bases for the reemployment of Drake because Drake is still on active duty in the USAF and has not been discharged or released.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Iqbal* at 1949 (citing *Twombly* at 556).

Consequently, to properly assert a claim of discrimination under USERRA § 4311, it is necessary for the plaintiff to plead factual assertions showing that the defendant was motivated by one or more of the prohibited acts under USERRA § 4311; pleading factual assertions alleging that the defendant failed to reemploy plaintiff pursuant to USERRA § 4312 does not state a cause of action for discrimination under USERRA § 4311.

D. <u>USERRA Does Not Provide For Awards Of Compensatory Damages Other Than Recovery Of Lost Wages Or Benefits, And Awards Of Punitive Damages Are Not Authorized.</u>

USERRA does not provide for awards of compensatory damages other than recovery of lost wages or benefits. Except for awards of liquidated damages in cases of willful violations, awards of punitive damages are not authorized. *Sutherland v. SOSi Intern., Ltd.*, 2007 WL 2332412, *3-5 (E.D. Va. 2007); *Vander Wal v. Sykes Enterprises, Inc.*, 377 F.Supp. 2d 738, 746, 177 L.R.R.M. (BNA) 2915, 86 Empl. Prac. Dec. (CCH) ¶ 42015 (D. N.D. 2005). The remedies are as follows: reinstatement, any loss of wages or benefits, and if the employer's actions were willful, the court may require the employer to compensate the employee in an amount equal to the amount of lost wages or benefits as liquidated damages. 38 U.S.C. § 4323(d). The remedies provided by USERRA are essentially equitable in nature. *Vander Wal*, 377 F.Supp. 2d at 745-756. The statute allows for an award of liquidated damages in an amount equal to the lost wages and benefits but only in the event that the court finds the employer's actions to be willful. *Barreto v. ITT World Directories, Inc.*, 62 F.Supp.2d 387, 395-396 (D. Puerto Rico 1999). The statute does not allow for the recovery of damages for mental anguish, pain or suffering, nor does USERRA allow for the recovery of punitive damages. *Id.* The court may award the prevailing party reasonable attorneys' fees, expert witness fees, and other litigation expenses. USERRA § 4323(h)(2).

USERRA's provision for liquidated damages operates to punish a defendant, and its provisions for lost wages serve to make a plaintiff whole, even without punitive damages. *Schmauch v. Honda of Am. Mfg.*, 311 F.Supp.2d 631 (S.D. Ohio 2003); *see also, Furguson v. Walker*, 397 F. Supp. 2d 964 (C.D. Ill 2005) (USERRA provides its own comprehensive enforcement mechanism, which cannot be bypassed by alleging constitutional violation in suit directly under 42 U.S.C. § 1983); *Gordon v. Wawa, Inc*., 388 F.3d 78, 175 BNA LRRM 3206, 150 CCH LC ¶ 10414 (D. ND 2005) (USERRA was designed to protect servicemember's rights to employment and reemployment in civilian position, and did not impose tort liability on employer).

Consequently, Drake is not entitled as a matter of law to other compensatory damages incurred by him in connection with Tens Nightclub denying him employment, and for compensation for his inconvenience allegedly experienced from the actions of Tens Nightclub, and for punitive damages. A motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law. *Tapley v. Lockwood Green Engineers, Inc*. (8th Cir. 1974) 502 F.2d 559, 560; *Bureerong v. Uvawas* (CD CA 1996) 922 F. Supp. 1450, 1479, fn. 34; *Wilkerson v. Butler* (ED CA 2005) 229 FRD 166, 172. Accordingly, an order striking paragraphs 2, 3, 4, and 6 of the Prayer is proper. *See Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1528 (rev'd on other grounds in *Fogerty v. Fantasy, Inc*. (1994) 510 U.S. 517, 534-535, 114 S.Ct. 1023, 1033; *In re Beef Industry Antitrust Litig*. (5th Cir. 1979) 600 F.2d 1148, 1168-1169; *California v. United States* (ND CA 1981) 512 F.Supp. 36, 38).

///
///
///
///
///
///
///
///
///

## IV.  CONCLUSION

For the foregoing reasons, the Complaint should be dismissed.  Alternatively, paragraphs 2, 3, 4, and 6 should be stricken from the Prayer.  Defendant should be granted such other and further relief as just and proper.

DATED:   September 25, 2009

      Respectfully submitted,

      SANDERS YEOMANS, PLLC
      MICHAEL R.E. SANDERS

      By:  */s/ Michael R.E. Sanders*
          Michael R.E. Sanders

      HARALSON, MILLER, PITT, FELDMAN &
      McANALLY, P.L.C.

      By:  */s/ Gerald Maltz*
          Gerald Maltz

      Attorneys for Defendant Tucsan, Inc.

**ORIGINAL** filed electronically with the Court by CM/ECF this 25th day of September, 2009, and copies served by CM/ECF to:

Douglas H. Clark, Jr.
Jonathan Rothschild
Janis C. Gallego
Mesch, Clark, & Rothschild, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Attorneys for Plaintiffs