WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Chase W. Drake,

    Plaintiff,

v.

Tucsan, Inc.,

    Defendants.

CV 09-392 TUC DCB

**ORDER**

The Court grants the Motion to Dismiss the Complaint because reemployment rights under the Uniformed Services Employment and Reemployment Act, 38 U.C.S. § 4312, (USERRA) for active members of the armed services hinge on completing the uniformed service obligation.

**Introduction**

Plaintiff, Chase W. Drake, was an active member of the United States Air Force (USAF), when he began "moonlighting" on March 1, 2008, as a doorman at the Tens Nightclub owned by Defendant. He worked as a doorman at Tens until June 15, 2008, when USAF changed his active duty assignment and deployed him to Qatar for 179 days. It is undisputed that he was not a member of the National Guard or Reserves, nor discharged or released from active duty. Plaintiff believes that Defendant had a legal obligation to reemploy him under USERRA, 38 U.S.C. § 4312, when he returned from Qatar on February 4, 2009. Tens refused him reemployment.

/////

/////

**Uniformed Services Employment and Reemployment Act**

"Any individual whose absence from a position of employment is necessitated by reason of service in the uniformed services is entitled to the reemployment rights and benefits " (Response at 3 (citing *Vander Wal v. Sykes Enterprises, Inc*., 377 F. Supp. 2d 738 (N.D. 2005) (reservist case). Plaintiff correctly argues that USERRA coverage terminates if a person is separated or discharged from service with a dishonorable or bad conduct discharge, 38 U.S.C. 4304; 20 C.F.R. 1002.32, but this does not mean USERRA coverage is limited to individuals who have been discharged from duty. *Id.* at 3.

Section 4312 in USERRA pertains to the reemployment rights of members of the armed services, in relevant part as follows:

> **(a)** Subject to subsections (b), (c), and (d) and to section 4304, any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits of this chapter if--
>
> **(1)** the person . . . has given advance written or verbal notice of such service to such person's employer;
>
> **(2)** the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years; and
>
> **(3)** except as provided in subsection (f), the person reports to, or submits an application for reemployment to, such employer in accordance with the provisions of subsection (e).
>
> **(b)** No notice is required under subsection (a)(1) if the giving of such notice is precluded by military necessity . . .
>
> **(c)** Subsection (a) shall apply to a person who is absent from a position of employment by reason of service in the uniformed services if such person's cumulative period of service in the uniformed services, with respect to the employer relationship for which a person seeks reemployment, does not exceed five years, . . .

\*\*\*

**(e)(1)** Subject to paragraph (2), a person referred to in subsection (a) shall, *upon the completion of a period of service in the uniformed services*, notify the employer referred to in such subsection of the person's intent to return to a position of employment with such employer as follows:

\*\*\*

**(C)** In the case of a person whose *period of service* in the uniformed services was for more than 30 days but less than 181 days, by submitting an application for reemployment with the employer not later than 14 days *after the completion of the period of service* or if submitting such application within such period is impossible or unreasonable through no fault of the person, the next first full calendar day when submission of such application becomes possible.

**(D)** In the case of a person whose *period of service* in the uniformed services was for more than 180 days, by submitting an application for reemployment with the employer not later than 90 days *after the completion of the period of service*.

\*\*\*

**(f)(1)** A person who submits an application for reemployment in accordance with subparagraph (C) or (D) of subsection (e)(1) or subsection (e)(2) shall provide to the person's employer (upon the request of such employer) documentation to establish that--

**(A)** the person's application is timely;

**(B)** the person has not exceeded the service limitations set forth in subsection (a)(2) . . . ; and

**(C)** the person's entitlement to the benefits under this chapter has not been terminated pursuant to section 4304.

38 U.S.C.§ 4312 (emphasis added).

It is undisputed that the Plaintiff gave Defendant notice that he was being deployed to Qatar, he applied for reemployment with Tens within 14 days, his absence did not exceed 5-years, and his service has not been terminated with a dishonorable or bad conduct discharge. Plaintiff's service has not been terminated at all.

The Court finds that the Plaintiff is unequivocally entitled to USERRA benefits. 38 U.S.C. § 4304, but USERRA benefits do not include reemployment rights prior to *the completion of the period of service* being served by a full-time active member of the armed services. Completion of active duty is expressly required by the statute. Additionally, the right to reemployment is limited to a total time in absentia of 5 years, therefore, it is critical to count the beginning and ending of each period of service with uniform specificity.

USERRA provides such specificity. The definition for "service in the uniformed services" means: the performance of duty on a voluntary or involuntary basis in a uniformed service under competent authority and includes active duty, active duty for training, initial active duty for training, inactive duty training, full-time National Guard duty, . . ." 38 U.S.C. § 4302(13). "The term 'uniformed services' means the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, . . .." *Id.* at (16).

Under military law, the following definitions describe duty status. "The term 'active duty' means full-time duty in the active military service of the United States. Such term includes full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned. Such term does not include full-time National Guard duty." 10 U.S.C. § 101(d)(1). "The term 'active service' means reserve service on active duty or full-time National Guard duty." *Id.* at (3).

Because the Plaintiff was a full-time enlisted member of the armed services, the relevant inquiry for determining his active duty status is the period of time he is obligated to serve in the United States Air Force. Active duty is a formal status within the military establishment, which is not dependent on a service member's activities while on such

4

duty, as long as the definition encompasses him. *Bell v. United States*, 366 U.S. 393, 410-411 (1960) (considering the definition for determining military pay, which is a statutory right). "The legal relationship created by active duty service is not set aside simply because the 'nature' of the servicemember's military involvement seems inconsistent with the performance of actual military duties." *Archie Allison v. United States*, 426 F.2d 1324, 1013 (6th Cir. 1970) (citing *Lampitt v. United States*, 753 F.2d 702 (8th Cir. )).

Plaintiff is correct that "'[a]lthough most often understood as applying to National Guard and reserve military personnel, USERRA also applies to persons serving in the *active components of the Armed Forces*.'" (Response at 3-4 (citing 20 C.F.R. § 1002.6)) (emphasis added). The purpose of USERRA is "to encourage *noncareer* service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service." 38 U.S.C. 4301(a)(1). USERRA's definition for "noncareer service" is as follows: "The period of active uniformed service required to complete the initial uniformed service obligation; a period of active duty or full-time National Guard duty that is for a specified purpose and duration with no expressed or implied commitment for continued active duty; or participation in the Reserve component as a member of the Ready Reserve performing annual training, active duty for training or inactive duty training. *Continuous or repeated active uniformed service or full-time National Guard duty that results in eligibility for regular retirement for the Armed Forces is not considered non-career service."* Barker v. Office of Adjutant* General, 907 N.R. 2d 574, 580 (Ind. App. 2009).

This distinction is important because there are no reemployment rights where a service member abandons his civil career for a career in the military. *Id.* Only noncareer service members must be reemployed by their pre-service employer when their period of active service or duty is completed. 38 U.S.C. § 4312.

5

1 | Members of the reserves are deployed to active military duty for a specified
2 | purpose and duration, and given formal release orders upon completion of the
3 | deployment. *See* 32 C.F.R. § 104.3; *Vander Wal v. Sykes*, 377 F. Supp.2d 738 (N. Dak.
4 | 2005) (discussing promptness requirement for reemployment of reserve members of
5 | National Guard unit); *Dominguez v. Miami-Dade County*, 2009 WL 3756365 * 1 (S.D.
6 | Flor. 2009) (USERRA anti-discrimination provision required employer to allow fire
7 | fighter reservist to take lieutenant exam given during his deployment to active duty);
8 | *Haight v. Katch, LLC.*, 2005 WL 2464643 * 2 (Neb. 2005) (describing reservist as being
9 | mobilized to active duty and sent back due to medical reasons as being on active duty
10 | because he remained under military orders and had not been officially released from
11 | mobilization).

In contrast, Plaintiff, was/is a full-time enlisted member in the air force, with a specified period of active uniformed service required to complete his initial uniformed service obligation. *See* 32 C.F.R. § 104.3*; Garcia v. United States*, 57 Fed. Cl. 398 (2003) (describing entitlement to military pay from date of enlistment until enlistment expires); *McClain v. Somerville*, 424 F. Supp. 2d 329, (Mass. 2006) (describing plaintiff as enlisting for a term of service that was to last until January 4, 2002). Plaintiff's deployment to Qatar did not change his active duty status. He was on active duty while moonlighting at Tens, on active duty in Qatar, on active duty when he returned, and remains on active duty. When this duty obligation is complete, he will be entitled to the reemployment protection afforded by USERRA, 38 U.S.C. § 4312. *See Haight v. Katch, LLC.*, 2005 WL 2464643 at *3 n. 2 (in dicta, concluding that plaintiff did not have the right under USERRA to demand reinstatement of his civilian employment while still, albeit only technically, mobilized).

Plaintiff does not allege a claim of discrimination under USERRA, 38 U.S.C. § 4311, which prohibits discrimination in hiring based on active service in the military.

6

Both full-time service members and reservists are protected against discrimination on the basis of unavailability due to active service in the military, and there is no difference in requiring an employer to hold a permanent job open for an existing employee who may leave for military service or requiring an employer to delay permanent hiring for an employee who is not available due to military service. *McLain v. Somerville*, 424 F. Supp. 2d 329, 334-335 (Mass. 2006).

To state a *prima facie* case of discrimination under USERRA, a plaintiff must make an initial showing that military status was at least a motivating or substantial factor in the employer's action. If the employee makes such a showing, the employer must prove, by a preponderance of evidence, that the action would have been taken despite the protected status. *Hogan v. United Parcel Service*, 648 F. Supp. 2d 1128, 1138 (Missouri 2009). Here, "[t]he Complaint includes information as to Drake's status as an active member of Armed Forces, dates of employment by Tens, period of deployment, date of re-application for employment and Tens continued refusal to reemploy Drake." (Response at 5.) This states a claim under USERRA, 38 U.S.C. § 3412, which fails as a matter of law; it does not state a claim of discrimination under USERRA, 38 U.S.C. § 3411.

**Accordingly,**

**IT IS ORDERED** that the Motion to Dismiss (document 13) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

DATED this 11th day of January, 2010.

David C. Bury
United States District Judge

7